UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x

WILNER C. BAZELAIS,

                Plaintiff,

        -against-

THE STATE OF NEW YORK; KINGS COUNTY SUPREME COURT; NEW YORK SUPREME COURT, APPELLATE DIVISION, SECOND JUDICIAL DEPARTMENT; and NYPD 83RD PRECINCT,[*]

                Defendants.

-----------------------------------------------------x

**MEMORANDUM AND ORDER**
22-CV-2566 (RPK) (LB)

RACHEL P. KOVNER, United States District Judge:

    *Pro se* plaintiff Wilner Bazelais, a pretrial detainee at the Rikers Island Correctional Center, brings this action against the State of New York, several state courts, and a precinct of the New York City Police Department ("NYPD"). Plaintiff alleges the NYPD failed to investigate a 911 call plaintiff made in 2014. Compl. (Dkt. #1) 3. According to the complaint, this "failure . . . to investigate" was part of an effort "to cover up and intentionally avoid police misconduct" that included "a series of wrongful arrests," "false information," "arbitrary interferences and unreasonable investigations," "destruction of evidence," and "fabrications of legal documents." *Id.* at 3–4. Plaintiff alleges that the misconduct he challenges violated his First, Fifth, Seventh, Eighth, and Fourteenth Amendment rights. *Id.* at 4. He requests monetary and injunctive relief.

---

[*] The Clerk of Court is directed to amend the caption on the Court's docket to conform to the caption on this order. Because "Brooklyn Superior Court" "and "Brooklyn Supreme Court Appellate Division[,] Supreme Court Second Judicial Department" do not exist, the Court construes plaintiff's references to those entities as references to the Kings County Supreme Court and the New York Supreme Court, Appellate Division, Second Judicial Department.

1

*Ibid.* Plaintiff seeks to proceed *in forma pauperis*. Plaintiff's request to proceed *in forma pauperis* is granted, but his complaint is dismissed for the reasons explained below.

A court may dismiss an action *sua sponte* for lack of subject-matter jurisdiction. *Oscar Gruss & Son., Inc. v. Hollander*, 337 F. 3d 186, 193 (2d Cir. 2003); s*ee* Fed. R. Civ. P. 12(h)(3). In addition, when a litigant files a lawsuit *in forma pauperis*, the district court must dismiss the case if it determines that the complaint "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see* Fed. R. Civ. P. 8(a).

Plaintiff's claims against the State of New York and the various New York state courts are dismissed for lack of subject matter jurisdiction because they are barred by sovereign immunity. State governments may not be sued in federal courts by private parties "unless they have waived their Eleventh Amendment immunity or unless Congress" has abrogated it. *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (citations and quotation marks omitted); *see Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253–54 (2011). Because neither condition is satisfied here, plaintiff cannot sue the State of New York; Kings County Supreme Court; or New York Supreme Court, Appellate Division, Second Judicial Department. *Hahn v. New York*, 825 F. App'x 53, 54 (2d Cir. 2020); *see M.M. v. New York State Ct. of Appeals*, No. 21-2924, 2022 WL 1565694, at *2 (2d Cir. 2022); *see also Gollomp*, 568 F.3d at 366. Plaintiff's claims against New York State and the various New York state courts are therefore dismissed for want of jurisdiction. *See, e.g.*, *Burton v. U.S. Rego Park Postal Serv.*, No. 21-CV-6938 (LDH), 2022 WL 1105187, at *2 (E.D.N.Y. Apr. 13, 2022) (dismissing claims for lack of subject matter jurisdiction based on sovereign immunity) (citing Fed. R. Civ. P. 12(h)(3)).

Plaintiff's claims against the NYPD's 83rd Precinct are dismissed for failing to state a claim under Section 1915 because the NYPD is a non-suable entity. "Under New York Law, '[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law.'" *Johnson v. New York City Police Dep't*, 651 F. App'x 58, 60 (2d Cir. 2016) (citing N.Y.C. Charter Ch. 17). Because the NYPD and its precincts are not suable entities, plaintiff's claims against the 83rd Precinct are dismissed because they fail to state a claim for relief. *See, e.g.*, *Mehmeti v. Brown,* No. 20-CV-1493 (MKB), 2020 WL 4350248, at *2 (E.D.N.Y. July 29, 2020) (dismissing claim against the NYPD under Section 1915 for failure to state a claim).

## CONCLUSION

Plaintiff's complaint is dismissed without prejudice. Plaintiff may file an amended complaint within thirty days of this Memorandum and Order correcting the deficiencies identified in this Memorandum and Order. All proceedings in this case are stayed for thirty days. If plaintiff fails to file an amended complaint, the case will be dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

          /s/ Rachel Kovner
          RACHEL P. KOVNER
          United States District Judge

Dated:      November 28, 2022
                Brooklyn, New York